IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JAMES M. SAYLOR,                              )
                                             )    Case No:_____
          Plaintiff,                         )
                                             )
v.                                           )
                                             )
ROB JEFFREYS, Director                       )
of the Nebraska Department                   )
of Correctional Services, in his             )
Individual and Official Capacities,          )
                                             )
SHAUN SETTLES, Warden                        )
of the Tecumseh State Correctional           )
Institution, in his Individual               )
and Official Capacities, and                 )
                                             )
John Doe Nos. 1-15, in their                 )
Individual and Official Capacities           )
                                             )
          Defendants.                        )

## COMPLAINT AND JURY DEMAND

COMES NOW, James M. Saylor, Plaintiff herein, by counsel, and alleges as follows:

## PARTIES

1.    At all relevant times, Plaintiff James M. Saylor has been incarcerated in a facility under the jurisdiction of the Nebraska Department of Correctional Services ("NDCS"). He is currently placed at the Tecumseh State Correctional Institution ("TSCI") and has been placed there since 2023.

2.     Rob Jeffreys is the Director of NDCS and is sued in his individual and official capacities.

3.     Shaun Settles is the Warden at TSCI and is sued in his individual and official capacities.

4.     Plaintiff has designated defendants whose identity has not yet been determined as John Doe Nos. 1-15 and sues these Defendants in their individual and official capacities. Plaintiff will amend this complaint to allege the true first names or full names, as applicable, when ascertained.

## JURISDICTION

5.     This action arises under the United States Constitution and 42 U.S.C. § 1983. Jurisdiction is proper in this Court pursuant to 28 U.S.C. §§ 1331.

6.     This Court has jurisdiction over Plaintiff's claims for declaratory and injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.  This Court also has authority under 42 U.S.C. § 1988 to award Plaintiff his reasonable attorneys' fees, litigation expenses, and costs.

## VENUE

7.     Venue is proper in this United States Federal District pursuant to the provisions of 28 U.S.C. § 1391(b) because: a) on information and belief, each Defendant resides in this district; and, b) a substantial part of the events or omissions giving rise to the claim occurred in this district.

## EXHAUSTION

8.     Plaintiff has exhausted all available administrative remedies with respect to his claims.

## FACTS

9.     On or about March 3, 2026, Plaintiff became aware that Defendants Jeffreys or Settles, or other NDCS employees under their supervision and control, were planning to dispose of some of Plaintiff's legal materials in 30 days if Plaintiff did not release them to a third party outside of TSCI.

10.     Plaintiff has submitted the proper grievances objecting to the disposal of any of his legal materials.

11.     Plaintiff has also informed Defendants that he cannot release any of his legal materials to a third party outside of TSCI.

12.     Plaintiff cannot release any of his legal materials to a third party outside of TSCI for at least two reasons. First, he has no such person to release them to. Second, any release of legal materials outside the prison would place those materials beyond Plaintiff's control, and he would lose any ability to preserve or retrieve those materials.

13.     On April 2, 2026, Plaintiff received a written communication from Defendant Settles, informing Plaintiff that a portion of his legal materials would be disposed of.

14.     Based on the information which Plaintiff learned of in March, 2026 and on the more recent written communication from Defendant Settles of April 2, 2026,

Plaintiff understands and believes that Defendants' disposal of a large portion of his legal materials is imminent and will likely occur on April 3, 2026, or shortly thereafter.

15.    At various times since April, 2022, Defendants, or other NDCS employees under their supervision and control, have deprived Plaintiff of access to his legal materials on various occasions.

16.    The legal materials which Plaintiff understands and believes Defendants will dispose of, and/or which he has been denied access to, include evidence, attorney-client communications, work product, legal research, other correspondence, and other documents which are necessary to enable him to bring his claims in this Court based on the following:

a.    Denial and interference with legal mail. Since April, 2022, Defendants, or other NDCS employees under their supervision and control, have repeatedly denied Plaintiff access to legal mail, have read his legal mail, have opened his legal mail outside of his presence, and have made and retained copies of his legal mail, all in violation of Plaintiff's rights to counsel and access to the courts under the Privileges and Immunities Clause of Article IV, and the First, Fifth, Sixth, and/or Fourteenth Amendments to the United States Constitution.

b.    Denial of meaningful attorney visits. Since April, 2022, Defendants, or other NDCS employees under their supervision and control, have denied Plaintiff contact attorney visits on one or more occasions, depriving him of

meaningful communication with his attorney, and interfering with his Sixth Amendment right to counsel.

c.      Denial of proper and necessary health care. Since April, 2022, Defendants, or other NDCS employees under their supervision and control, have deprived Plaintiff of proper and necessary health care, in violation of the Eighth and Fourteenth Amendments, in the following ways:

   i.      Cancelling his medical pass and taking away certain medical equipment and medications, the possession of which had previously been approved based on his medical pass, including orthopedic shoes, blankets, shirts, sweatshirts, and medication.

   ii.      Denying him access to necessary health care specialists, including an endocrinologist and a neurologist, and to necessary psychiatric and other mental health care.

   iii.      Denying him proper dental care.

   iv.      Not renewing necessary prescriptions for at least six months, including for a medication for his thyroid condition (levothyroxine) and a medication for his chronic headaches (propranolol).

d.      Denial of access to books. Since April, 2022, Defendants, or other NDCS employees under their supervision and control, have maintained a restrictive book vendor policy, as a result of which Plaintiff has not been allowed to receive or possess at least two books sent to him, in violation of the First Amendment.

e.  Failure to protect. During the past 8 months, another inmate named Kyle Stoner, who is currently placed on Plaintiff's housing unit and is a member of a security threat group, has repeatedly threatened to harm Plaintiff, in the presence of staff and/or other inmates. Plaintiff has warned Defendants, or other NDCS employees under their supervision and control, of these threats; and they have not taken appropriate action to protect Plaintiff from harm, and have failed to protect him, in violation of the Eighth Amendment.

17.  Without access to his legal materials, Plaintiff is unable to identify them with more particularity than as set forth in Paragraph 16 above.

## CLAIMS FOR RELIEF

Claim I – 42 U.S.C. § 1983 – Interference With Access to Courts

18.  By denying Plaintiff access to and/or disposing of his legal materials, Defendants, or other NDCS employees under their supervision and control, have interfered with, and will continue to interfere with, Plaintiff's attempts to bring or pursue the legal actions specified above, in violation of his right of access to courts under the Privileges and Immunities Clause of Article IV of the Constitution, the First Amendment Petition Clause, the Fifth Amendment Due Process Clause, and the Fourteenth Amendment Equal Protection and Due Process Clauses.

19.  As a direct and proximate result of this denial and/or interference with Plaintiff's right to access to courts, Plaintiff has suffered damage and has incurred attorney and other legal fees.

20.     Plaintiff is without adequate or complete remedy at law to redress the wrongs described above. Plaintiff has been and will continue to be irreparably injured by the conduct of Defendants unless this Court grants the declaratory and injunctive relief Plaintiff seeks.

RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests the following relief:

A.     A declaratory judgement stating that:

    i.     Defendants' conduct described above violates Plaintiff's right to access to courts; and,

    ii.     Defendants' actions described above were the proximate cause of Plaintiff's injuries.

B.     An injunction upon Defendants Jeffreys and Settles, prohibiting them from disposing of *any* of Plaintiff's legal materials and directing them to provide Plaintiff with reasonable access to *all* of his legal materials in their possession and/or control.

C.     An award of compensatory damages in the amount of $100,000.00 and such other amount to be proven at trial.

D.     An award of attorney fees and costs.

E.     Such other and further relief as may be appropriate.

DEMAND FOR JURY TRIAL

To the extent allowed by law, Plaintiff requests that his claims be tried to a jury.

Dated: April 2, 2026.

JAMES M. SAYLOR, Plaintiff,


By:*/s/ Joshua D. Barber*
Joshua D. Barber, # 22624
Barber & Barber, P.C., L.L.O.
300 North 44th Street, Suite 205
Lincoln, NE  68503
Phone: (402) 434-5429
Fax:   (402) 434-5430
joshuabarber@yahoo.com
Attorney for Plaintiff