IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JAMES M. SAYLOR,

Plaintiff,

vs.

ROB JEFFREYS, Director of the Nebraska Department of Correctional Services, in his Individual and Official Capacities; SHAUN SETTLES, Warden of the Tecumseh State Correctional Institution, in his Individual and Official Capacities; and JOHN DOE NOS. 1-15, in their Individual and Official Capacities;

Defendants.

**4:26CV3113**

**ORDER**

This matter is before the court on Plaintiff James M. Saylor's ("Saylor") Motion Requesting Leave to Amend (Filing No. 17), Motion Requesting Limited Discovery (Filing No. 18), and Motion Requesting to Make Correction (Filing No. 24), and Motion Requesting Extension of Time (Filing No. 25). For the reasons below, the Motion for Leave to Amend, the Motion Requesting to Make Correction, and the Motion Requesting an Extension of Time are granted, and the Motion Requesting Limited Discovery is denied. Saylor is also granted thirty (30) days within which counsel may enter an appearance on his behalf.

Saylor, a Nebraska state prisoner, filed this action on April 2, 2026, against Rob Jeffreys and Shaun Settles, alleging that they violated his constitutional right of access to the courts. (Filing No. 1). Defendants moved to dismiss the action on May 4, 2026, which remains pending. (Filing No. 7). Saylor's counsel later withdrew (Filing No. 14), and Saylor thereafter moved for leave to file an amended complaint asserting new claims that prison

officials acted with deliberate indifference to his medical needs in violation of the Eighth Amendment. (Filing No. 17).

The proposed claims arise from events at the Tecumseh State Correctional Institution and the Reception and Treatment Center between May 1, 2022, and December 31, 2022, and Saylor seeks to add them now arguing that Nebraska's four-year statute of limitations will soon expire. Federal Rule of Civil Procedure 15(a)(2) provides that a court should freely grant leave to amend "when justice so requires." The defendants did not file any opposition to the Motion for Leave to Amend and the time to do so has passed.[1] Given Rule 15(a)(2)'s liberal standard and in the absence of any filed opposition,, the court will grant leave to amend. Because the amended complaint supersedes the original, the undersigned recommends that the district court deny Defendants' pending motion to dismiss the original complaint as moot. (Filing No. 7).

The First Amended Complaint also names two new defendants, Scott R. Frakes and Diane Sabatka-Rine, but does not specifically name several other defendants whom Saylor alleges participated in the events. Instead, Saylor identifies them by job title (*e.g.*, "the NDCS Centralized Canteen Manager"), by rank and last name (*e.g.*, "Corporal Klock"), or as John or Jane Does. In conjunction with his motion to amend the complaint, Saylor also moves for early discovery to identify these individuals by name. (Filing No. 18).

Separately, Saylor filed a letter with the court advising that he reached an agreement for representation with an attorney on August 7, 2026, and that the agreement needs only to be finalized. (Filing No. 23). He since filed a Motion Requesting Extension of Time, mailed August 11, 2026, formally asking for thirty (30) days for his attorney to enter an appearance. (Filing No. 25).[2] In light of that motion, the court will grant Saylor thirty (30)

---

[1] *See* NECivR 7.1(b)(1)(C) (Failure to file an opposing brief is not considered a confession of the motion but precludes the opposing party from contesting the moving party's statement of facts).

[2] Saylor's motion also requests additional time to respond to Defendants' Motion to Dismiss. Because the undersigned is recommending that Defendants' Motion to Dismiss be denied as moot in light of the ruling granting leave to amend, Saylor needs no extension of time to respond to it.

days, or until September 18, 2026, for counsel to enter an appearance on his behalf or, alternatively, for Saylor to file a statement of his intent to proceed pro se. Should no statement be timely filed, the court will presume that Saylor intends to proceed in this matter *pro se* and will recommend that the matter be transferred to the court's *pro se* docket. *See* General Order No. 2025-01, at para. 5.

Rule 26(d)(1) generally prohibits a party from seeking discovery before the parties have conferred as required by Rule 26(f), absent a rule, stipulation, or court order authorizing early discovery. Fed. R. Civ. P. 26(d)(1). Because counsel is anticipated to enter an appearance, counsel should have the opportunity to evaluate the need for early discovery and determine the appropriate procedure for identifying the unnamed defendants. The court will therefore deny the motion for early discovery without prejudice, with leave for counsel to renew the request or pursue discovery through the ordinary litigation process once an appearance is entered.

Finally, Saylor moves to correct a dating error in his Motion Requesting Extension of Time. (Filing No. 24). The error Saylor identifies, at page 7, line 5, appears in that filing: it states that NDCS removed the $5.00 copy fee from his account on July 16, 2026, the same date NDCS says it forwarded his request to Central Office, when the funds were not actually removed until July 31, 2026. Because the correction is unopposed and immaterial to the disposition of the other matters addressed in this Order, that motion is granted.

Accordingly, IT IS ORDERED:

1. Plaintiff's Motion Requesting Leave to Amend is granted as unopposed. (Filing No. 17). The Clerk of Court shall file the proposed Amended Complaint attached to Filing No. 17 as Plaintiff's Amended Complaint.
2. Plaintiff's Motion Requesting Limited Discovery is denied without prejudice to reassertion following counsel's entry of appearance. (Filing No. 18).
3. Plaintiff's Motion Requesting to Make Correction is granted. (Filing No. 24).

4. Plaintiff's Motion for Extension of Time is granted. (Filing No. 25). Plaintiff shall have thirty (30) days, or until September 18, 2026, within which counsel may enter an appearance on his behalf or to file a statement of his intent to proceed *pro se*.

Dated this 19th day of August, 2026.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge